UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DANNY RAY BREWER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:18-cv-61-HBG |
|  | ) |  |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 13]. Now before the Court are Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14 & 15] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17]. Danny Ray Brewer ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill ("the Commissioner"). For the reasons that follow, the Court will **DENY** Plaintiff's motion and **GRANT** the Commissioner's motion.

## I. PROCEDURAL HISTORY

On March 18, 2015, Plaintiff protectively filed an application for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.*, claiming a period of disability that began on May 1, 2013. [Tr. 15, 83–84, 188–200]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ. [Tr. 133]. A hearing was held on March 31, 2017. [Tr. 33–69]. On June 15, 2017, the ALJ found that Plaintiff was not disabled.

[Tr. 15–25]. The Appeals Council denied Plaintiff's request for review on December 22, 2017 [Tr. 1–6], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on February 20, 2018, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II.  ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since May 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, diabetes mellitus, learning disorder, and affective disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except work is limited to simple, routine and repetitive tasks; performed in a work environment free of fast paced work; involving only simple work-related decisions; and with few, if any work place changes; bilateral upper extremity handling/fingering limited to frequent; and no complex written instructions.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 17, 1958 and was 55 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 17–25].

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It

is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

§§ 423(d)(2)(A) and 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in your case record." 20 C.F.R. §§ 404.1520(a)(4) and -(e), 416.920(a)(4), -(e). An RFC is the most a claimant can do despite his limitations. §§ 404.1545(a)(1) and 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence, as the ALJ failed to properly weigh the medical opinion evidence or evaluate Plaintiff's diabetes mellitus. First, Plaintiff claims that the ALJ failed to properly evaluate and weigh the opinion of

5

consultative examiner, Eva Misra, M.D., pursuant to the applicable regulations. [Doc. 15 at 10–12]. Next, Plaintiff contends that the ALJ did not properly consider his severe impairment of diabetes mellitus, as he consistently had elevated glucose and A1C levels, in contrast to the ALJ's assertion that his diabetes was "doing well." [*Id.* at 13–14]. The Court will address Plaintiff's specific allegations of error in turn.

### A. Dr. Misra's Opinion

Plaintiff challenges the ALJ's finding that Dr. Misra's opined limitations were not consistent with the examination findings, as the findings of a normal gait and station do not reflect an inconsistency with the assessed lifting and carrying restrictions. [*Id.* at 11–12]. Therefore, Plaintiff claims that the ALJ "failed to set forth a valid basis for rejecting Dr. Misra's lifting and carrying restrictions." [*Id.* at 12].

Dr. Misra consultatively examined Plaintiff on August 6, 2015. [Tr. 408–10]. Plaintiff reported a history of diabetes as well as back pain. [Tr. 408]. Upon examination, Plaintiff recorded a normal gait and station, was able to get from a chair and on and off a table without difficulty, and normal mobility. [Tr. 409]. Plaintiff exhibited a full range of motion universally except for his lumbar spine flexion was 70 degrees, extension was 20 degrees, and right and left lateral flexion was 20 degrees. [*Id.*]. Plaintiff also had negative straight leg raises, but the rest of his range of motion, muscle condition, and strength were normal. [*Id.*].

Accordingly, Dr. Misra opined that Plaintiff retained the capacity to occasionally lift and carry, including upward pulling, for up to one-third of an eight-hour work day, a maximum of 20 pounds; as well as the ability to frequently lift and carry, from one-third to two-thirds of an eight-hour workday, a maximum of ten pounds. [Tr. 410]. Additionally, Dr. Misra found that Plaintiff

could stand and walk with normal breaks for a total of about six hours in an eight-hour workday, and sit without restrictions. [*Id.*].

The ALJ reviewed and ultimately afforded some weight to Dr. Misra's opinion, as her opined exertional limitations were not consistent with the examination findings of a normal gait and station, as well as the lack of difficulty getting up from a chair and onto the examination table. [Tr. 22–23]. Plaintiff challenges the ALJ's assignment of some weight to Dr. Misra's opinion, claiming that the stated reasons for finding the assessed limitations inconsistent with the examination findings "fail to reflect inconsistency with Dr. Misra's lifting restrictions." [Doc. 15 at 11]. Rather, Plaintiff asserts that the examination findings, including Plaintiff's lumbar spine flexion and extension, as well as right and left lateral flexion, support the assessed limitations. However, the Commissioner maintains that the ALJ properly found that the lifting restrictions were inconsistent with the record. [Doc. 17 at 11].

Opinions from nontreating sources are never assessed for controlling weight but are evaluated using the regulatory balancing factors set forth in 20 C.F.R. §§ 404.1527(c) and 416.927(c). *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)). These opinions are weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability." *Id.* (citing 20 C.F.R. § 404.1527(c)). "Other factors 'which tend to support or contradict the opinion' may be considered in assessing any type of medical opinion." *Id.* (quoting 20 C.F.R. § 404.1527(c)(6)). Additionally, an ALJ is only required to provide good reason for explaining the weight assigned to the opinion of a "treating source." 20 C.F.R. §§ 404.1527(c) and 416.927(c)(2); *see Perry v. Comm'r of Soc. Sec.*, 501 F. App'x 425, 426 (6th Cir. 2012) ("An ALJ need not 'give good reasons' for the weight he assigns opinions from physicians who, like Dr. Pickering, have examined but not treated a

7

claimant."). Lastly, opinions from one-time consultative examiners are not due any special degree of deference. *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

While Plaintiff contends that the ALJ's stated reasons for assigning some weight to Dr. Misra's opinion do not constitute a valid basis for rejecting the opinion, the ALJ is tasked with the responsibility to assess a claimant's RFC "based on all of the relevant evidence" of record. 20 C.F.R. §§ 404.1545(a); 404.1546(c). The ALJ "is not required to recite the medical opinion of a physician verbatim in his residual functional capacity finding . . . [and] an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (internal citations omitted); *see Justice v. Comm'r of Soc. Sec.*, 515 F. App'x 583, 588 (6th Cir. 2013) ("In a battle of the experts, the agency decides who wins. The fact that [claimant] now disagrees with the ALJ's decision does not mean that the decision is unsupported by substantial evidence.").

Here, the ALJ found that Dr. Misra's examination findings were inconsistent with Plaintiff's normal gait and station, as well as lack of difficulty getting onto the examination table. The ALJ also noted Plaintiff's 5/5 grip strength on both the right and left hands at the examination. [Tr. 409]. Further, although Dr. Misra noted a reduced range of motion, she also found that the rest of Plaintiff's range of motion, muscle condition, and strength were normal. [*Id.*]. Therefore, the ALJ properly noted an inconsistency between the medical record and the assessed limitations. *See Robyn H. v. Berryhill*, No. C18-263-MAT, 2018 WL 4951943, at *4 (W.D. Wash. Oct. 12, 2018) ("The lifting limitations assessed and referenced unstable gait were inconsistent with Dr. Wilson's July 2015 examination, which showed full strength and normal gait."); *Hinkle v. Berryhill*, No. 2:17-CV-54, 2018 WL 2437238, at *5 (E.D. Tenn. May 30, 2018) (holding the ALJ

properly assigned little weight to a consultative examiner's opinion, as the ALJ detailed how the opinion was not consistent with the examination or medical record and "[e]ven Dr. Blaine noted that Plaintiff had 5/5 strength which was also inconsistent with Dr. Blaine's own lifting restrictions"); *Coffman v. Comm'r of Soc. Sec.*, No. 2:13-cv-1037, 2014 WL 4674279, at *8 (S.D. Ohio Sept. 18, 2014) (finding the ALJ's assignment of little weight to opinion of treating physician is supported by substantial evidence in part because "[a]s noted by the administrative law judge . . . a significant limitation in lifting, bending, or twisting could be inconsistent with Dr. Sybert's finding that plaintiff has a normal gait, normal station, and normal upper and lower extremities"), *report and recommendation adopted sub nom*, 2014 WL 4988234 (S.D. Ohio Oct. 7, 2014).

The ALJ also afforded great weight to the opinion of Karen Sarpolis, M.D., the nonexamining state agency physician who reviewed the evidence of record at the reconsideration level of the agency's review. [Tr. 23]. Dr. Sarpolis opined that Plaintiff could occasionally lift and carry 50 pounds, frequently lift and carry 25 pounds, stand and walk for a total of six hours in an eight-hour workday, and sit for a total of about six hours in an eight-hour workday. [Tr. 92–93]. The ALJ found that Dr. Sarpolis's opinion was consistent with the overall evidence of record, including Plaintiff's noted conservative treatment and reported daily activities which were "clearly not the activities of an individual with totally disabling physical or mental conditions." [Tr. 22–23].

Ultimately, the ALJ properly explained his reasoning for affording some weight to the opinion of the consultative examiner, finding that Dr. Misra's opinion was inconsistent with her examination findings. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 469 (6th Cir. 2012) (holding a consultative examiner's opinion "may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record"); *see also* 20

9

C.F.R. § 404.1527(c) (directing that an ALJ evaluates a non-treating source opinion by considering the supportability of the opinion). In further support of his assignment of some weight to Dr. Misra's opinion, the ALJ found that the opinion of the nonexamining state agency physician, Dr. Sarpolis, was entitled to great weight, as it was more consistent with the medical record.

Accordingly, the Court finds that the ALJ's assignment of some weight to the opinion of Dr. Misra is supported by substantial evidence, as the ALJ properly weighed the applicable statutory factors and explained the basis for affording little weight to the opinion.

### B. Evaluation of Plaintiff's Diabetes Mellitus

Plaintiff claims that the ALJ failed to properly evaluate his diabetes mellitus, alleging that the ALJ improperly cited to progress notes and mischaracterized Plaintiff's A1C and glucose testing results. [Doc. 15 at 13]. The Commissioner asserts that the ALJ appropriately reviewed the pertinent medical records regarding Plaintiff's diabetes mellitus. [Doc. 17 at 13].

In the disability decision, the ALJ reviewed Plaintiff's history of diabetes mellitus, and noted that "[t]esting has revealed elevated blood glucose levels and A1C levels." [Tr. 21]. Further, the ALJ found that in June 2015, Plaintiff "had normal strength in bilateral extremities and monofilament wire tests were normal in bilateral feet." [*Id.*]. Lastly, Plaintiff cited to treatment progress notes which indicated that Plaintiff was "doing well" with his prescribed medication, Bydureon and Toujeo. [*Id.*].

First, Plaintiff claims that the ALJ failed to properly consider his diabetes when the ALJ cited to a 2017 treatment note—despite the fact that the record does not contain any treatment notes for 2017, as the hearing occurred on March 31, 2017. [Doc. 15 at 13]. However, the Court finds that although the ALJ incorrectly referenced the wrong year, he cited to Plaintiff's treatment records from 2016. [Tr. 21]; *see* [Tr. 417–49].

Plaintiff also claims that the ALJ improperly found that he was "doing well" in controlling his diabetes, as he consistently had highly elevated glucose and AIC levels. [Doc. 15 at 13]. However, the ALJ did not find that Plaintiff was doing well with his diabetes; rather, the ALJ stated that treatment notes indicated that Plaintiff was doing well with his medication. Plaintiff was seen by Melissa Graves, N.P., at Greenbrier Medical Clinic, for treatment of his diabetes mellitus, spinal stenosis, and depressive disorder. [Tr. 417–49]. Ms. Graves noted on November 21, 2016 that Plaintiff was "doing well with bydureon and toujeo." [Tr. 420]. Additionally, Ms. Graves stated that Plaintiff was "doing quite well with Toujeo" on August 30, 2018 [Tr. 427], and that he was "doing well with meds [and] loves toujeo" on May 24, 2016 [Tr. 430]. Therefore, the ALJ properly summarized Plaintiff's progress records with respect to his treatment for diabetes mellitus. Moreover, the ALJ noted that testing had revealed elevated glucose and A1C levels. [*Id.*].

Ultimately, courts "may not reweigh conflicting evidence on appeal, but instead must affirm" if a decision is supported by substantial evidence. *Haun v. Comm'r of Soc. Sec.*, 107 Fed. App'x 462, 465 (6th Cir. 2004); *see also Steed v. Colvin*, No. 4:15-cv-1269, 2016 WL 4479485, at *10 (N. D. Ohio Aug. 25, 2016) ("While [the plaintiff] may disagree with the ALJ's explanation or her interpretation of the evidence of record, her disagreement with the ALJ's rationale does not provide a basis for remand."); *Kiser v. Colvin*, No. CV 14-170, 2016 WL 527942, at *3 (E.D. Ky. Feb. 8, 2016) ("To the extent that Plaintiff suggests that . . . evidence is open to another interpretation that favors his claim, the Court declines to reweigh the evidence in this fashion."). Although Plaintiff claims that the ALJ should have assessed more restrictive limitations stemming from his diabetes mellitus based upon his interpretation of the medical record, the ALJ's decision is supported by substantial evidence. Therefore, the ALJ properly considered Plaintiff's diabetes

mellitus in determining the RFC.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment [**Doc. 14**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 16**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

_____
United States Magistrate Judge